UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANTHONY ADEBIYI,

                              Plaintiff,

    -against-

THE CITY OF NEW YORK, POLICE OFFICER
AMOS RYAN, ST. JOHNS UNIVERSITY,
WEEDENS E. BLANCHARD, and
MICHAEL CAMPBELL,

                             Defendants.
------------------------------------------------------------X

Index No.:

**COMPLAINT**

**JURY DEMAND**

CV 13-0480

KUNTZ, J.
POLLAK, M.J

Plaintiff Anthony Adebiyi, by his Attorneys, OFODILE & ASSOCIATES, P.C. complaining of the Defendants, the City of New York, Police Officer Amos Ryan, St. Johns University, Weeden E. Blanchard and Michael Campbell, alleges as follows:

**JURISDICTION AND VENUE**

1.     This is an action at law to redress false arrest and false imprisonment in violation of the Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983. This is also an action to redress the pain and suffering and psychological injuries sustained by Plaintiff as a result of the intentional, malicious and reckless acts of the City of New York, and some of its Police Officers. Further, this is an action to redress First Amendment violation. The Court also has supplemental jurisdiction over Plaintiff's common law claims and claims brought under Article 1, Section 12 of the New York State Constitution for violation of his State constitutional rights against unreasonable searches and seizures.

1

2. Jurisdiction is specifically conferred on the United States District Court by 28 U.S.C. § 1331, this being an action arising under the Constitution and Federal Law, and by 28 U.S.C. § 1343(a)(3), this being an action authorized by law to redress the deprivation, under color of statute, ordinance, regulation, custom or usage, of rights, privileges, and immunities secured to Plaintiff by the Fourth, Fifth, and Fourteenth Amendments to the Constitution, and by 42 U.S.C. § 1983.

3. Venue is proper in the Southern District of New York because the events complained of occurred in the County of Queens, which is within the Southern District of New York.

**PARTIES**

4. At all times relevant and material to the facts of this case, Plaintiffs resided in New York, New York, within the jurisdiction of this Court.

5. At all times relevant and material to this case, Defendant City of New York was and still is a municipal corporation incorporated under the laws of the State of New York and was the employer of the individual Defendant, Police Officer Ryan and is liable under the common law agency and/or respondent superior rule for the actions of the individual Defendant/s complained of herein.

6. At all times relevant and material to this case, Defendant Police Officer Ryan was an employee of the City of New York, employed in its Police Department, and upon information and belief, worked in the 107th Precinct, in Queens, New York.

7. Upon information and belief, St. Johns University is a private not-for profit corporation/university, incorporated under the laws of the State of New York with its business address located at 8000 Utopia Parkway, Jamaica, New York 11439.

8. Upon information and belief, at all times relevant and material to this case, Defendants, Weedens E. Blanchard was and still is the Assistant Dean, College of Professional Studies, St. Johns's University and, Michael Campbell was a Security Officer employed by St. John's University and both were employees and agents of the University and the University is responsible for their actions under the respondent/superior rule.

## FACTUAL ALLEGATIONS

9. Plaintiff is part of a program at St. John's University called Advantage Academy. VISA and St. John's University established the program to help New Yorkers who live in homeless shelters to attain a college degree.

10. Plaintiff lives in a homeless shelter that is very far from St. John's University. It takes Plaintiff 2 buses and 3 trains to get to St. John's University.

11. When Plaintiff received his Spring 2012 semester schedule, the schedule did not give Plaintiff enough time to get to school or get a job, as the schedule required Plaintiff to go to school six days a week.

12. Thus, in December 2011, Plaintiff went to the office of Weedens Blanchard, Assistant Dean of College of Professional Studies to see if he can change his schedule.

13. Instead of discussing the schedule, Mr. Blanchard told Plaintiff that when he was in Kim Toro's office (Program Manager of the Advantage Academy), he noticed that Plaintiff was sexually harassing some females; Mr. Blanchard then called Plaintiff a sexual predator.

14. Plaintiff was stunned and extremely offended by this remark, as he did not sexually harass anyone. And he is definitely not a sexual predator.

3

15. After returning from the semester break, Plaintiff complained to Deanne A. Southwell, Directror of the Advantage Academy, that he was very sad and disappointed that Mr. Blanchard called him a sexual predator.

16. Ms. Southwell said a meeting should be held with her, Plaintiff and Mr. Blanchard but the meeting never took place.

17. After nothing was done about Plaintiff's schedule and nothing was done about the fact that Mr. Blanchard called Plaintiff a sexual predator, Plaintiff sent a long email on or about January 26, 2012, to Mr. Blanchard, Ms. Toro, Ms. Southwell and Professor Joyce Boland-Devito regarding the fact that his schedule had not been modified and that Mr. Blanchard called him a sexual predator.

18. In the long email Plaintiff voiced numerous frustrations with the actions of Mr Blanchard and his refusal to adjust his schedule in light of his housing, work and travel situation, among other things.

19. Plaintiff also wrote another shorter email on January 26, 2012 (a reply to Mr Blanchard's email) complaining about the same problems and Blanchard's unwillingness to work with him, and the treatment he received from Blanchard, including being called a sexual predator because he complimented two employees/students in the office.

20. Plaintiff was taken out of class and arrested the next day (January 27, 2012) by Security Officer Campbell, of St. John's University, during the 10:40 a.m. class. Plaintiff detained for approximately 45 minutes before being arrested by Police Officer Ryan of the New York City Police Department. Officer Ryan took Plaintiff directly from detention in the Security Office at St. John's University.

4

21.   Plaintiff was handcuffed and put in the Police car by Police Officer Amos Ryan, and held at the 107th Police Precinct, against his will until approximately 5:00 p.m., when he was given a Desk Appearance Ticket which ordered him to appear in Court on February 21, 2012.

22.   After making approximately five Court appearances, when no prosecution of the case was forthcoming and Plaintiff was wasting the little resources he had on going to Court and missing work, among other things, Plaintiff accepted the ACD that was being forced upon him.

23.   The actions of the Defendants complained of herein were done intentionally, maliciously and in knowing violation of Plaintiff's constitutional rights. Thus, Plaintiff is entitled to substantial punitive damages to punish the Defendants for their callous and reckless actions and also to discourage others from continuing to pursue such wanton unconstitutional conduct.

24.   As a result of Plaintiff's arrest, he was suspended from school and had to miss a semester of school as a result and Plaintiff was injured emotionally, was denied his freedom and enjoyment of life and is therefore entitled to general compensatory damages in the amount adequate to compensate him for the injuries he sustained as a result of the Defendant's unconstitutional action.

25.   The contents of Plaintiff's emails to Blanchard and/or to other school officials complaining about his mistreatment by Blanchard amounted to protected speech under the First Amendment. Plaintiff was arrested and charged with Aggravated Harassment for sending one email to school officials complaining about his ill treatment at the hands of Mr Blanchard, and responding to Mr Blanchard's email to him.

26. Although in the two emails Plaintiff voiced a litany of complaints and frustrations, and in the shorter e-mail he may have used some strong words, when taken in context of his overall complaints, the emails do not amount to any crime as a matter of law, and do not amount to a crime of aggravated harassment as Plaintiff was never before his arrest asked to stop sending emails or stop responding to e-mails he received from school officials, and no reasonable police officer or University should have arrested Plaintiff for words that on their face do not amount to a crime.

27. The strongest words that Plaintiff wrote in the shorter email to Blanchard started with the subject: "I NEED TWO MORE WEEKS TO GET READY!!! THANKS." In the concluding portions of the e-mail, quoted verbatim herein, Plaintiff wrote:

> I CANNOT TRUST YOU AND YOUR MANAGER MS. TORO! YOU HAVE LOST THOSE PREVELEDGES BY YOUR ACTIONS! WHEN YOUR DON'T THINK BEFORE YOU SAY SOMETHING! WHAT'S THE USE OF THE KNOWLEDGE YOU ACQUIRED! WHERE I AM FROM YOU CAN GET KILLED FOR ACCUSING SOMEONE WRONGLY IS NOT A CHILD'S PLAY! YOU CALLED ME A SEXUAL PREDITOR! AM SURE YOUR GUY'S DON'T KNOW! HOW POWERFUL YOUR WORDS ARE! OR WHAT DID YOU THINK. YOU HAVE INCREASED MY SUFFERING! MAY GOD DO SAME TO YOU.

28. Based on long established Supreme Court decisions on the First Amendment, the above quoted portion, from his reply email to Mr Blanchard, which Plaintiff believes is the trigger for his arrests, do not amount to any crime, and do not even amount to real fighting words, as those words are understood and interpreted and Police Officer Amos Ryan is not therefore entitled to qualified immunity as immunity may not attach where a Plaintiff has been arrested for an act that does not amount to a crime as a matter of law.

29. Plaintiff was never told before his arrest to stop sending emails or stop replying to emails he received from administration. He had two contacts with Mr Blanchard in December 2011 and January 2012, each based on an appointment approved by Mr Blanchard, and at the time and place of Blanchard's choosing, to discuss his schedule. It was long after his arrest on January 27, 2012, that Plaintiff was given a "No Contact Order" written by Jack Flynn, Director of Student Conduct, not to make any contact with Mr Blanchard and other officials of St. John's University pending their investigation, according to the January 27, 2012 letter, of an incident that took place in May, 2011.

30. Sending an email and responding to another email, and having two meetings in two months, scheduled by school officials, with school officials, to discuss Plaintiff's schedule, do not, as a matter of law, amount to aggravated harassment particularly when no one had complained about Plaintiff's conduct or told him to stop making contacts with school officials when Plaintiff, under the circumstances, reasonably believed himself to be the aggrieved party.

31. The false arrest and false imprisonment violated Plaintiff's rights under the common law and also his federal and state constitutional rights and Defendants are liable to him under 42 U.S.C. §1983 and Article 1, Section 12 of the New York State Constitution.

32. As a result of the violations of Plaintiff's common law and constitutional rights alleged herein, Plaintiff suffered from serious mental and emotional injuries and continues to suffer mentally and emotionally.

33. Plaintiff have also sustained financial losses/damages and would continue to sustain same as a result of the actions of the Defendants complained of herein.

7

34. The actions of the individual Defendants were callous, wanton, premeditated, done intentionally and knowingly to deprive Plaintiff of his constitutional rights and Plaintiff is entitled to substantial punitive damages against each individual Defendant.

## FIRST CAUSE OF ACTION

35. Plaintiff repeats and realleges paragraphs 1 through 34 as if each paragraph is repeated verbatim herein.

36. Plaintiff was falsely arrested/imprisoned by the individual Defendants without probable cause to believe that he had committed a crime in violation of his Fourth and Fourteenth Amendment rights not to be arrested without probable cause and Defendants are liable to Plaintiff in damages pursuant to 42 U.S.C. §1983.

## SECOND CAUSE OF ACTION

37. Plaintiff repeats and realleges paragraphs 1 through 36 as if each paragraph is repeated verbatim herein.

38. Plaintiff was falsely arrested/imprisoned by Police Officer Amos Ryan without probable cause to believe that he had committed a crime, thus; Officer Ryan is liable to Plaintiff in damages pursuant to Article 1, §12 of the New York State Constitution.

## THIRD CAUSE OF ACTION

39. Plaintiff repeats and realleges paragraphs 1 through 37 as if each paragraph is repeated verbatim herein.

40. Plaintiff was falsely arrested/imprisoned by all the individual Defendants without reasonable cause to believe that he had committed a crime in violation of Plaintiff's common law rights to be free from false arrest/false imprisonment. Under the agency/*respondeat superior* rule,

8

St John's University is also liable to Plaintiff under the Common Law for the actions of Mr Blanchard and Mr Campbell, its employees, who committed the tort in the course of their employment and as agents and servants of St. John's University.

## FOURTH CAUSE OF ACTION

41. Plaintiff repeats and realleges paragraphs 1 through 39 as if each paragraph is repeated verbatim herein.

42. The individual Defendants, acting in conspiracy and in conjunction and concert with one another violated Plaintiff's First Amendment rights when they arrested him and falsely imprisoning him for actions that were protected by the First Amendment.

43. Thus, the individual Defendants are liable to Plaintiff in damages pursuant to 42 U.S.C. §1983.

## FIFTH CAUSE OF ACTION

44. Plaintiff repeats and realleges paragraphs 1 through 42 as if each paragraph is repeated verbatim herein.

45. At all times relevant and material to this case, Defendant City of New York was and still is the employer of the individual Defendant Police Officer Amos Ryan and Mr Ryan acted as agent of the City of New York and the City of New York is therefore responsible for his actions alleged herein, which were in violation of Plaintiff's common law rights under the agency doctrine and/or respondent superior rule and for the violation of Article 1, §12 of the New York State Constitution which makes the City responsible for the actions of its agents/servants when they violate Article 1, §12 of the New York State Constitution.

9

**WHEREFORE**, Plaintiff prays for judgment awarding him:

1.     As against the individual Defendants for violation of his federal constitutional rights, jointly and severally:

    I.     general and compensatory damages in an amount that would adequately compensate him for the violation of his rights and for his emotional and mental distress, against all Defendants, jointly and severally;

    ii.     lost earnings and lost opportunities to earn income, in an amount to be proved at trial and in accordance with proof;

    iii.     punitive damages in amount sufficient to punish the individual Defendants and deter others like them from repeating such unlawful conduct – against the individual Defendants, jointly and severally;

    iv.     attorneys' fees and the costs and disbursements of this action – against all Defendants, jointly and severally; and

    v.     such other relief as the Court deems just and proper.

2.     As against the individual Police Officer Amos Ryan and the City of New York for violation of Article 1 § 12 of New York State Constitution, jointly and severally:

    I.     general and compensatory damages in an amount that would adequately compensate him for the violation of his rights and for his emotional and mental distress, against all Defendants, jointly and severally;

    ii.     lost earnings and lost opportunities to earn income, in an amount to be proved at trial and in accordance with proof;

  iii. punitive damages (against the individual Defendants only) in amount sufficient to punish the individual Defendants and deter others like them from repeating such unlawful conduct – against the individual Defendants, jointly and severally;

  iv. attorneys' fees and the costs and disbursements of this action – against all Defendants, jointly and severally; and

  v. such other relief as the Court deems just and proper.

3. As against the individual Defendants and the St. John's University for violation of Plaintiff's common law rights:

  I. general and compensatory damages in an amount that would adequately compensate Plaintiff for the violation of his rights and for his emotional and mental distress, against all Defendants, jointly and severally;

  ii. specific damages for the destruction of property;

  iii. lost earnings and lost opportunities to earn income, in amount to be proved at trial and in accordance with proof, against all Defendants, jointly and severally;

  iv. punitive damages in an amount sufficient to punish the individual Defendants and deter others like them from repeating such unlawful conduct – against the individual Defendants, jointly and severally;

  v. the costs and disbursements of this action – against all Defendants, jointly and severally; and

  vi. such other relief as the Court deems just and proper.

Dated: Brooklyn, N.Y.
January 28, 2013

                                              OFODILE & ASSOCIATES, P.C.
                                              *Attorneys for Plaintiff*

                                              By: _____
                                              Anthony C. Ofodile, Esq.
                                              498 Atlantic Avenue
                                              Brooklyn, New York 11217
                                              Tel. No.: (718) 852-8300
                                              ACOfodile@aol.com