UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANTHONY ADEBIYI,

    Plaintiff,

  -against-

THE CITY OF NEW YORK, POLICE OFFICER
AMOS RYAN, ST. JOHN'S UNIVERSITY,
WEEDENS E. BLANCHARD, and
MICHAEL CAMPBELL,

    Defendants.

------------------------------------------------------------X

DECISION AND ORDER
13-CV-480 (WFK) (CLP)

**WILLIAM F. KUNTZ, II, United States District Judge**

Plaintiff Anthony Adebiyi brings this 42 U.S.C. § 1983 action against the City of New York, St. John's University, and employees of those institutions. He argues that he was falsely arrested after sending a strongly worded e-mail to a St. John's administrator. All parties now move for judgment on the pleadings and/or summary judgment. For the reasons stated below, the Court grants Defendants' motions and denies Plaintiff's motion. Accordingly, each of Plaintiffs' claims is dismissed.

## FACTUAL AND PROCEDURAL BACKGROUND

### I. Factual Background

The Court accepts the facts as alleged in the Complaint as true on a Fed. R. Civ. P. 12(c) motion for judgment on the pleadings. Plaintiff alleges that he lives in a homeless shelter and attended a program at St. John's University called Advantage Academy. Dkt. 1 ("Compl.") at ¶¶ 9-10. In December 2011, Plaintiff received his school schedule and determined that it would not allow him enough time to commute to school or obtain a job, because the schedule would require him to go to class six days a week. *Id.* ¶ 11. Accordingly, Plaintiff went to Mr. Weedens Blanchard's office, the Assistant Dean of College of Professional Studies, to discuss the

1

schedule. *Id.* ¶ 12. Plaintiff claims that at that time, Blanchard discussed a previous incident where Plaintiff allegedly had sexually harassed females in the office of Kim Toro, another school official. *Id.* ¶ 13. Blanchard called Plaintiff a "sexual predator," a term that Plaintiff alleges stunned and offended him. *Id.* ¶¶ 13-14.

Plaintiff subsequently complained to another school official at the Advantage Academy about Blanchard's remarks, Deanne A. Southwell. *Id.* ¶ 15. On January 26, 2012, Plaintiff sent a "long email" expressing his frustrations to Blanchard, Toro, Southwell, and Professor Joyce Boland-Devito regarding his schedule and the "sexual predator" comment. *Id.* ¶ 17-18. Plaintiff later replied via email to Blanchard's response, "complaining about the same problems and Blanchard's unwillingness to work with him, and the treatment he received from Blanchard, including being called a sexual predator because he complimented two employees/students in the office." *Id.* ¶ 19. That email read, in part:

> I CANNOT TRUST YOU AND YOUR MANAGER MS. TORO! YOU HAVE LOST THOSE PREVELEDGES BY YOUR ACTIONS! WHEN YOUR DON'T THINK BEFORE YOU SAY SOMETHING! WHAT'S THE USE OF THE KNOWLEDGE YOU ACQUIRED! WHERE I AM FROM YOU CAN GET KILLED FOR ACCUSING SOMEONE WRONGLY IS NOT A CHILD'S PLAY! YOU CALLED ME A SEXUAL PREDITOR [*sic*]! AM SURE YOUR GUY'S DON'T KNOW! HOW POWERFUL YOUR WORDS ARE! OR WHAT DID YOU THINK. YOU HAVE INCREASED MY SUFFERING! MAY GOD DO SAME TO YOU.

*Id.* ¶ 27.

On January 27, 2012, Plaintiff was "taken out of class and arrested" by St. John's Security Officer Michael Campbell. *Id.* ¶ 20. He was detained for approximately 45 minutes before being taken from detention and "arrested" again by New York City Police Officer Amos Ryan. *Id.* Plaintiff was allegedly held at the 107th Police Precinct until 5:00 p.m. that day. *Id.* ¶ 21. Eventually, after making approximately five court appearances, Plaintiff accepted the

2

adjournment in contemplation of dismissal ("ACD") "that was being forced upon him." *Id.* ¶ 22. Plaintiff states that he "was never before his arrest asked to stop sending emails or stop responding to e-mails he received from school officials." *Id.* ¶ 26. After the January 27, 2012 arrest, however, Plaintiff was given a "No Contact Order" prohibiting him from making any contact with Blanchard and other school officials. *Id.* ¶ 29.

Plaintiff now brings claims of (1) false arrest / imprisonment by the individual Defendants pursuant to 42 U.S.C. § 1983; (2) false arrest / imprisonment by Ryan pursuant to Article 1, § 12 of the New York State Constitution; (3) common law false arrest / imprisonment by the individual Defendants and St. John's via agency / *respondeat superior*; (4) First Amendment violations by the individual Defendants acting in conspiracy and in conjunction with one another; and (5) agency / *respondeat superior* liability for Ryan's violation of Article 1, § 12 of the New York State Constitution against the City of New York.

## II. Procedural History

Plaintiff filed the Complaint in this action on January 28, 2013. Compl. On June 21, 2013, the City of New York and Police Officer Amos Ryan (the "City Defendants") and St. John's University, Weedens E. Blanchard, and Michael Campbell (the "School Defendants") requested a pre-motion conference for their forthcoming 12(c) motions to dismiss. Dkts. 14-15. At the June 28, 2013 pre-motion conference, Plaintiff made an in-court application to make a motion for summary judgment. Dkt. Entry of 6/28/2013. The Court set a briefing schedule for the motions to dismiss and motion for summary judgment, and briefing was complete by October 18, 2013. *See* Dkts. 22-42.

## DISCUSSION

### I. Standard of Review

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."[1] The standard of review for a Rule 12(c) motion is the same as the standard for a Rule 12(b)(6) motion. *Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010). "In both postures, the district court must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). Dismissal is only appropriate if a complaint "cannot state any set of facts that would entitle [a plaintiff] to relief." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim to relief that is "plausible on its face"). In assessing the legal sufficiency of a claim, the court may consider those facts alleged in the complaint, as well as documents attached as an exhibit thereto or incorporated by reference. *See* Fed. R. Civ. P. 10(c); *De Jesus v. Sears, Roebuck & Co., Inc.*, 87 F.3d 65, 69 (2d Cir. 1996).

### II. Application

#### A. 42 U.S.C. § 1983 Conspiracy to Violate First Amendment Rights

Claims alleging conspiracies to violate civil rights are held to a heightened pleading standard. *Brewster v. Nassau Cnty.*, 349 F. Supp. 2d 540, 547 (E.D.N.Y. 2004) (Hurley, J.). "To sustain a claim for conspiracy under § 1983, a plaintiff must demonstrate that a defendant acted in a 'willful manner, culminating in an agreement, understanding, or meeting of the minds, that

---

[1] Plaintiff also styled his motion as a Motion for Summary Judgment, but he failed to comply with Local Rule 56.1's requirement of providing a numbered list of undisputed material facts. Thus, the Court treats Plaintiff's motion as a Fed. R. Civ. P. 12(c) Motion for Judgment on the Pleadings.

4

violated the plaintiff's rights . . . secured by the constitution or the federal courts.'" *Morpugo v. Incorporated Vill. of Sag Harbor*, 697 F. Supp. 2d 309, 331 (E.D.N.Y. 2010) (Seybert, J.) (citing *Malsh v. Corr. Officer Austin*, 901 F. Supp. 757, 765 (S.D.N.Y. 1995) (Koeltl, J.)). Accordingly, a plaintiff must show: "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999).

Pursuant to this standard, the City Defendants move to dismiss Plaintiff's § 1983 conspiracy claim. They allege that the Complaint fails to assert facts showing a specific agreement between Ryan and the St. John's employees. Dkt. 24 ("City Memo.") at 11-12. Further, the City Defendants argue that the Complaint does not demonstrate that any acts were committed in furtherance of an alleged conspiracy, and the Complaint does not state that the object of the alleged conspiracy was to deprive Plaintiff of a constitutional right. *Id.* at 12-14.

The School Defendants move to dismiss the § 1983 conspiracy claim as well, arguing that the Complaint does not adduce any facts demonstrating that Defendant Officer Ryan was influenced by any of the private parties to arrest Plaintiff. Dkt. 32 ("School Memo.") at 6. The School Defendants also argue that Plaintiff suffered no constitutional injury caused by a state actor. *Id.* at 7.

Plaintiff does not oppose any of Defendants' arguments. *See generally* Dkts. 25, 33 (identical filings, "Pl.'s Opp."). The Court agrees with Defendants and finds that Plaintiff has inadequately pleaded a § 1983 conspiracy of any sort. Parsing the Complaint closely, there is no indication of any agreement or intention to commit a constitutional injury among the school employees and the police. *See* Compl. at ¶ 20 (stating that Plaintiff was detained by St. John's

Security Officer Campbell before being arrested by NYPD Officer Ryan). Accordingly, Plaintiff's claim for civil conspiracy under § 1983 is dismissed.

### B. 42 U.S.C. § 1983 False Arrest / Imprisonment Claim Against Defendants Blanchard and Campbell

Defendants Blanchard and Campbell are private individuals who work for St. John's University. Thus, Plaintiff may only bring his § 1983 false arrest / imprisonment against these Defendants if they are acting under "color of state law." *Hollander v. Copacabana Nightclub,* 624 F.3d 30, 33 (2d Cir. 2010). "[T]he actions of a nominally private entity are attributable to the state when: (1) the entity acts pursuant to the 'coercive power' of the state or is 'controlled' by the state ('the compulsion test'); (2) when the state provides 'significant encouragement' to the entity, the entity is a 'willful participant in joint activity with the [s]tate,' or the entity's functions are 'entwined' with state policies ('the joint action test' or 'close nexus test'); or (3) when the entity 'has been delegated a public function by the [s]tate,' ('the public function test'). *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257–58 (2d Cir. 2008) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n*, 531 U.S. 288, 296 (2001)).[2]

The Complaint does not indicate under which prong Plaintiff seeks to hold the individual school Defendants liable. *See* Compl. at ¶¶ 35-36 ("Plaintiff was falsely arrested/imprisoned by

---

[2] Private actors who conspire with state actors may be held liable under § 1983. *See Tower v. Glover*, 467 U.S. 914, 920 (1983); *Respass v. New York City Police Dep't*, 852 F. Supp. 173, 178 (E.D.N.Y. 1994) (Glasser, J.). However, for the reasons stated in the prior section, there are no factual allegations in the Complaint that suffice to support a claim of conspiracy between the school and state actors. *See Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) ("To state a claim against a private entity on a section 1983 conspiracy theory, the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act.") (internal citations and quotations omitted). Accordingly, a conspiracy claim cannot be sustained against the individual School Defendants. *See Respass*, 852 F. Supp. at 179 (granting motion to dismiss because conspiracy allegations were conclusory).

the individual Defendants without probable cause[.]"). However, Plaintiff argues that he was "already arrested by St. John's School Police before New York City Police Officers arrived" and "[w]hat happened was a prisoner transfer[.]" Dkt. 33 ("Pl.'s Opp. to School") at 13-14. Accordingly, the Court interprets Plaintiff's arguments as invoking the "significant encouragement" or "joint action" test.

"Case law in this Circuit is well-established that the provision of information to a police officer—even if that information is false or results in the officer taking affirmative action—is insufficient to constitute 'joint action' with state actors for purposes of § 1983." *Lienau v. Garcia*, 12-CV-6572, 2013 WL 6697834, at *6 (S.D.N.Y. Dec. 19, 2013) (Ramos, J.) (collecting cases); *see Rodriguez v. Winsky,* 973 F. Supp. 2d 411, 422 (S.D.N.Y. 2013) (Buchwald, J.) ("[S]ummoning police . . . simply does not suffice to constitute joint action or to convert the private party into a state actor."); *Ginsberg v. Healey Car & Truck Leasing, Inc.*, 189 F.3d 268, 272 (2d Cir. 1999) ("[P]rovision of background information to a police officer does not by itself make [a defendant] a joint participant in state action under Section 1983."). "A private party supplying information or seeking police assistance does not become a state actor . . . unless the police officers were improperly influenced or controlled by the private party." *Stewart v. Victoria's Secret Stores, LLC*, 851 F. Supp. 2d 442, 446 (E.D.N.Y. 2012) (Wexler, J.) (internal citations and quotations omitted). In such cases, however, "facts showing concerted action must be alleged, even at the pleading stage, to avoid dismissal." *Id.*

Here, the Complaint simply alleges that the individual School Defendants summoned the police upon receiving Plaintiff's letter, and that the school transferred Defendant into police custody. Plaintiff nowhere alleges that the individual School Defendants exercised control or undue influence over the City Defendants, nor do any facts in the Complaint point to such a

finding. There is not even any indication in the Complaint about the discussions that took place between the School and City Defendants, and the Court cannot speculate as to what such discussions contained. Accordingly, there is no basis for finding that the individual School Defendants were acting in conjunction with the City Defendants, and § 1983 liability will not lie. *See Young v. Suffolk Cnty.*, 922 F. Supp. 2d 368, 387-88 (E.D.N.Y. 2013) (Bianco, J.) (granting summary judgment for defendants because joint activity did not occur when defendants alerted police and encouraged them to inspect property). Plaintiff's § 1983 claim of false imprisonment / arrest against the individual School Defendants is dismissed.

### C. 42 U.S.C. § 1983 False Arrest / Imprisonment Claim Against Ryan

The City Defendants argue that Ryan had probable cause to arrest Plaintiff for Aggravated Harassment in the Second Degree, N.Y. Pen. L. § 240.30. City Memo. at 7. The statute provides, in relevant part, that:

> A person is guilty of aggravated harassment in the second degree when, with intent to harass, annoy, threaten or alarm another person, he or she: 1. Either (a) communicates with a person, anonymously or otherwise, by telephone, by telegraph, or by mail, or by transmitting or delivering any other form of written communication, in a manner likely to cause annoyance or alarm; or (b) causes a communication to be initiated by mechanical or electronic means or otherwise with a person, anonymously or otherwise, by telephone, by telegraph, or by mail, or by transmitting or delivering any other form of written communication, in a manner likely to cause annoyance or alarm[.]

N.Y. Pen. L. § 240.30.[3] Further, the City Defendants argue, Ryan was entitled to qualified immunity because Ryan had arguable probable cause to arrest Plaintiff, and the law is not clearly established. City Memo. at 14-18.

A 42 U.S.C. § 1983 claim for false arrest requires proof of the same four elements as a claim for false arrest under New York law: (1) the defendant intentionally confined plaintiff; (2)

---

[3] This text derives from the statute at the time of Plaintiff's arrest. It has since been amended. *See* L.2014, c188, § 1, effective July 23, 2014.

plaintiff was conscious of the confinement; (3) plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged. *Jocks v. Tavernier*, 316 F.3d 128, 134-35 (2d Cir. 2003). Probable cause is a "complete defense" to a § 1983 false arrest claim. *See Weyant v. Okst,* 101 F.3d 845, 852 (2d Cir. 1996). Probable cause to arrest exists when the arresting officer has "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Id.*

An officer is entitled to qualified immunity if he can establish that there was "arguable probable cause" to arrest. *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004). Arguable probable cause exists when: "(1) it was objectively reasonable for the officer to believe there was probable cause to make the arrest, or (2) reasonably competent police officers could disagree as to whether there was probable cause to arrest." *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 128 (2d Cir. 1997). This "analytically distinct test" is "more favorable" to the officers than the one for probable cause. *Escalera*, 361 F.3d at 743. It employs a "deliberately forgiving" standard of review that "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Zalaski v. City of Hartford*, 723 F.3d 382, 389 (2d Cir. 2013) (internal citations omitted). "Absent evidence that the ordinance authorized conduct which is patently violative of fundamental constitutional principles . . . an officer who reasonably relies on the legislature's determination that a statute is constitutional should be shielded from personal liability." *Connecticut ex rel. Blumenthal v. Crotty*, 346 F.3d 84, 103 (2d Cir. 2003) (internal citations omitted). The Court's focus is on the law and facts at the time of the arrest. *See Reichel v. Howards*, 132 S. Ct. 2088, 2096 (2012); *Brewton v. City of New York*, 550 F. Supp. 2d 355, 367 (E.D.N.Y. 2008) (Vitaliano, J.).

### *1. Constitutionality*

In *People v. Golb*, the New York Court of Appeals held that § 240.30 was "unconstitutionally vague and overbroad." 23 N.Y. 3d 455, 467-68 (N.Y. Ct. App. 2014). In doing so, the Court of Appeals held that the statute criminalizes "any communication that has the intent to annoy," and that "no fair reading . . . supports or even suggests the constitutionally necessary limitations on its scope." *Id.* (internal citations and quotations omitted).

Nonetheless, the *Golb* decision occurred *after* Plaintiff's arrest. In evaluating whether the statute was so violative of fundamental constitutional principles as to preclude qualified immunity, the Court is directed by the Second Circuit's decision in *Vives v. City of New York*. 405 F.3d 115, 118-19 (2d Cir. 2004). There, the district judge found that § 240.30 was unconstitutional, and that the defendant police officers had fair notice because it was "inevitable" that the section would eventually be held unconstitutional. *See id.* at 116; *Vives v. City of New York*, 305 F. Supp. 2d 289, 299 (S.D.N.Y. 2003) (Scheindlin, J.). The Second Circuit reversed, finding that none of the cases on which the district court relied stood for the proposition that § 240.30 was facially unconstitutional. *Vives*, 405 F.3d at 117-18. Further, "[f]ar from being 'so grossly and flagrantly unconstitutional that any person of reasonable prudence would be bound to see its flaws' . . . several courts ha[d] specifically declined to find section 240.30(1) unconstitutional." *Id.*

Plaintiff was arrested in 2012. At the time of the arrest, as in *Vives*, § 240.30 was not sufficiently facially unconstitutional so as to place Officer Ryan on notice. In *Vives*, the Second Circuit explicitly chose not to address the question of whether § 240.30 was unconstitutional. 405 F.3d at 118 ("Because we hold that the District Court's denial of qualified immunity to defendants was improper, we do not reach the question of whether New York Penal Law §

240.30(1) survives constitutional scrutiny, but save that question for another day."); *see also Schlagler v. Phillips,* 166 F.3d 439, 443 (2d Cir. 1999) ("[T]here has been no conclusive determination that section 240.30(1) is unconstitutional."). Because at the time of the arrest, the caselaw on the statute's unconstitutionality remained unsettled, this Court declines to find that qualified immunity is unavailable to Ryan on this basis.

### 2. *Qualified Immunity*

Because the statute was presumptively lawful, the Court now examines the potential bases for assigning qualified immunity to Defendant Officer Ryan. As explained above, the City Defendants must demonstrate that it was objectively reasonable for Ryan to believe that there was probable cause to make the arrest, or that reasonably competent police officers could disagree as to whether there was probable cause. *See Escalera,* 361 F.3d at 743.

Here, the Court finds that reasonably competent officers could disagree as to whether Plaintiff's e-mail constituted sufficient probable cause to arrest under § 240.30. Plaintiff's e-mail was sent in all capital letters, contained heated, threatening language, and contained references to killing and suffering. *See* Compl. ¶ 27 (e-mail stating that: "WHERE I AM FROM YOU CAN GET KILLED FOR ACCUSING SOMEONE WRONGLY" and "YOU HAVE INCREASED MY SUFFERING! MAY GOD DO SAME TO YOU."). Further, the e-mail was sent directly to Blanchard based on a prior exchange between the two: it was not disseminated widely to a group of people. In these circumstances, it is arguable that probable cause existed to arrest Plaintiff under § 240.30.

Indeed, caselaw has given § 240.30 a wide ambit. *See Silver v. Kuehbeck,* 217 F. App'x 18, 22 (2d Cir. 2007) (§ 240.30 aggravated harassment was "clearly" established by plaintiff's anger and messages about recipient's "evident lack of consideration and disrespect"); *Dzwonczyk*

*v. Syracuse City Police Dep't*, 710 F. Supp. 2d 248, 265-66 (N.D.N.Y. 2008) (McCurn, J.) (probable cause to arrest under § 240.30 existed where plaintiff received unwanted written and verbal communications that recipient "needed to find God and that [he] was a Devil worship[]er"); *Quinn v. City of New York*, 99-CV-7068, 2003 WL 1090205, at *4 (E.D.N.Y. Mar. 12, 2003) (Weinstein, J.) (probable cause to arrest pursuant to § 240.30 existed based on plaintiff's mailing of audio tapes to the fiancé of his son's ex-lover, where audio tapes contained conversations between son and the ex-lover). In light of this expansive interpretation, the Court finds that arguable probable cause existed for Officer Ryan to arrest Plaintiff for violation of § 240.30.

Thus, Officer Ryan is shielded by qualified immunity against Plaintiff's § 1983 claims of false arrest / imprisonment. Plaintiff's § 1983 claim against Ryan is dismissed.

### D. Remaining State Law Claims

As discussed above, Plaintiff's claim for First Amendment conspiracy and Plaintiff's claim for false arrest / imprisonment pursuant to § 1983 are dismissed. The remaining claims are state law claims for: false arrest / imprisonment against Ryan pursuant to Article 1, § 12 of the New York State Constitution; common law false arrest / imprisonment against the individual Defendants and St. John's via agency / *respondeat superior*; and agency / *respondeat superior* liability against the City of New York for Ryan's violation of Article 1, § 12 of the New York State Constitution.

#### 1. *Notice of Claim Requirement*

The City Defendants argue that Plaintiff's state law claims against them are barred because Plaintiff failed to follow a number of procedural requirements. *First*, Plaintiff did not allege that he filed a notice of claim within 90 days of when the claim arose, as required by New

York General Municipal Law §§ 50-e, 50-i(1). City Memo. at 21-22. *Second*, Plaintiff did not meet New York General Municipal Law §§ 50-i, because he failed to allege that at least thirty days had elapsed since service of the notice of claim, and that adjustment or payment had been neglected or refused. *Id.* at 22.

Plaintiff does not oppose Defendants' arguments, nor does he point to any section in the Complaint where the notice of claim is alleged to have occurred. *See generally* Pl.'s Opp. Because this procedural step is a prerequisite for Plaintiff's claims to proceed, the Court agrees with the City Defendants that Plaintiff's state law claims against the City are barred. *See Grays v. City of New Rochelle*, 354 F. Supp. 2d 323, 326 (S.D.N.Y. 2005) (Robinson, J.) (dismissing claims against city police department because plaintiff failed to file a timely notice of claim). Thus, the Court dismisses Plaintiffs' state law claims against the City.

### 2. *Supplemental Jurisdiction*

In the Complaint, Plaintiff claims that supplemental jurisdiction lies over his common law and New York State Constitution claims. Compl. ¶ 1. At this juncture, however, the federal claims in this case have been dismissed. Therefore, the Court must now decide whether to exercise pendant jurisdiction over Plaintiff's state law claims against Ryan and the School Defendants.

When the federal claims are dismissed in an action with state law claims based on supplemental jurisdiction, the state claims should be dismissed as well. 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 61 (2d Cir. 1998). While the dismissal of supplemental state claims is discretionary at this juncture, the usual case "will point toward declining jurisdiction over the remaining state-law claims." *In re Merrill Lynch*, 154 F.3d at 61 (quoting *Carnegie–Mellon Univ.*

*v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Indeed, "[i]n the interest of comity, the Second Circuit instructs that 'absent exceptional circumstances,' where federal claims can be disposed of pursuant to Rule 12(b)(6) or summary judgment grounds, courts should 'abstain from exercising pendent jurisdiction.'" *Sky Med. Supply Inc. v. SCS Support Claims Servs., Inc.*, --F. Supp. 2d--, 12-CV-6383, 2014 WL 1801139, at *22 (E.D.N.Y. May 7, 2014) (Bianco, J.) (internal citations and quotations omitted). Accordingly, once a district court has dismissed all claims over which it has original jurisdiction, it still balances the traditional "values of judicial economy, convenience, fairness, and comity" while maintaining the guiding directive that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting *Cohill*, 484 U.S. at 350).

Here, the case is still in the pretrial stage and the motions addressed in this Order are the first dispositive motions brought forth in this case. Moreover, discovery is not yet complete, and there is no indication that discovery would need to be repeated if the state claims are litigated in state court. Accordingly, having considered the pendent jurisdiction factors, including "judicial economy, convenience, fairness, and comity," the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. *See Karmel v. Claiborne, Inc.*, 99-CV-3608, 2002 WL 1561126, at *3 (S.D.N.Y. July 15, 2002) (Knapp, J.) ("[W]hen federal claims are dismissed early in the litigation—for example, before trial on a summary judgment motion—dismissal of state law claim[s] . . . is appropriate."); *Heckmann v. Town of Hempstead*, 10-CV-5455, 2013 WL 1345250, at *3 (E.D.N.Y. Mar. 27, 2013) (Feuerstein, J.) ("Since, *inter alia*, all of plaintiff's federal claims have been dismissed with prejudice at the pleadings stage, I decline to exercise supplemental jurisdiction over the remaining state law claims."); *Kelsey v. City of*

*New York*, 03-CV-5978, 2006 WL 3725543, at *22 (E.D.N.Y. Dec. 18, 2006) (Bianco, J.) *aff'd*, 306 F. App'x 700 (2d Cir. 2009) (declining to exercise supplemental jurisdiction over state law claim because "[a]lthough discovery has been completed and the instant case has proceeded to the summary judgment stage, it is not clear to the Court why the discovery would need to be repeated if the negligence claim is litigated in state court."). Plaintiff's state law claims are therefore dismissed without prejudice.[4]

## CONCLUSION

For the foregoing reasons, Defendants' Fed. R. Civ. P. 12(c) motions for judgment on the pleadings are granted, and Plaintiff's motion for judgment on the pleadings and/or motion for summary judgment is denied. The Clerk of Court is respectfully directed to close this case.

**SO ORDERED**

Dated: September 30, 2014
     Brooklyn, New York

HON. WILLIAM F. KUNTZ, II
United States District Judge

---

[4] Plaintiff is free to re-file his claims in state court. *See* N.Y. C.P.L.R. §205(a).